IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY TOWNSEND, | ) | CASE NO. 3:06 CV 563 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| JAMES ERWIN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I. Introduction

Before me by referral[1] is the *pro se* petition of Anthony Townsend for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Townsend is currently incarcerated at the Allen Correctional Institution,[3] where he is serving an eight-year sentence for trafficking in crack cocaine[4] imposed in 2005 after he pled guilty pursuant to a plea agreement in the Allen County (Ohio) Court of Common Pleas.[5]

In this petition, Townsend asserts (1) that the trial court, in accepting his plea, improperly told him he had waived his right to appeal any issue, and (2) that the appellate

---

[1] ECF # 5.

[2] ECF # 1.

[3] *See*, ECF # 10 (Townsend's August 15, 2007 filing regarding his transfer from the Pickaway Correctional Institution to the Allen Correctional Institution).

[4] ECF # 1 at 2; ECF # 8 at 17.

[5] ECF # 8 at 15.

court denied him equal protection when it refused to permit a delayed appeal of the trial court's action.[6] In its return of the writ, the State maintains that Townsend's petition should be dismissed because he has procedurally defaulted these claims by failing to pursue a timely appeal to the Ohio Supreme Court of the state appellate court's denial of his motion for delayed appeal.[7]

For the reasons that follow, I recommend finding that the State's position is well-taken and that Townsend's petition should be dismissed as procedurally defaulted.

## II.  Facts

As noted, Townsend was indicted by the Allen County (Ohio) Grand Jury in July, 2004 on multiple counts of trafficking in crack cocaine and permitting drug abuse, along with individual counts of possessing crack cocaine and obstructing official business.[8] Subsequent to being indicted, Townsend, on February 2, 2005, at a plea hearing in open court, signed a negotiated plea agreement,[9] pleading guilty to four counts of trafficking in cocaine in return

---

[6] ECF # 1 at 5.

[7] ECF # 7 at 7.

[8] ECF # 8 (state court record, vol. I) at 1-14.

[9] ECF # 9 (state court record, vol. II) at 59.

for accepting an eight-year sentence on all counts.[10]  At that same hearing, the state trial court accepted the plea and imposed the agreed-upon sentence.[11]

Townsend did not timely appeal his sentence.  Instead, on June 27, 2005, he filed a motion for delayed appeal, asserting that he had been "affirmatively misinformed" by the trial judge that, by pleading guilty, he had "given up [his] chance to appeal any issues."[12]  On August 31, 2005, the Ohio appellate court denied Townsend's motion.[13]  Townsend did not then file a timely appeal from that denial to the Supreme Court of Ohio.

However, on November 28, 2005, Townsend filed a motion with the Ohio Supreme Court for a delayed appeal of the denial of his delayed appeal by the state appellate court.[14]  On January 25, 2006, the Ohio Supreme Court denied this motion.[15]  Townsend then, on February 18, 2006, filed the present petition for habeas corpus.[16]

As previously noted, the State, in its return of the writ, argues that Townsend's failure to timely seek review by the Ohio Supreme Court of the state appellate court's denial of his motion for delayed appeal resulted in Townsend's habeas claims being procedurally

---

[10] ECF # 8 at 15-16 (plea agreement).

[11] *Id*. at 17- 20 (judgment entry); ECF # 9  at 44-66.

[12] ECF # 8 at 21.

[13] *Id.* at 24-25.

[14] *Id.* at 26-31.

[15] *Id.* at 32.

[16] ECF # 1.

defaulted.[17] Specifically, the State contends that Townsend's case is indistinguishable from the case of *Bonilla v. Hurley*,[18] in which the Sixth Circuit found that the denial by the Ohio Supreme Court of a motion for delayed appeal is a procedural ruling, not a decision on the merits and, so, sufficient to bar subsequent review of any claims involved in such a motion by a federal habeas court.[19]

Townsend has not filed a traverse contesting the state's assertions.

## III. Analysis

**A.  Procedural default**

The Sixth Circuit has formulated the standard of review applicable to cases of procedural default as follows:

> A petitioner for a writ of habeas corpus must meet certain procedural requirements to permit review of his claim by a federal court. The petitioner must first exhaust the remedies available in state court by fairly presenting his federal claim to the state court; unexhausted claims will not be reviewed by the federal court. The exhaustion "requirement is satisfied when the highest court in the state in which the prisoner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in the state court while state remedies were available *or* when the petitioner's failure to comply with a state procedural rule prevented the state courts from reaching the merits of the claims.

---

[17] ECF # 7 at 7.

[18] *Bonilla v. Hurley*, 370 F.3d 494 (6th Cir. 2004).

[19] ECF # 7 at 8, quoting *Bonilla*, 370 F.3d at 497.

For noncompliance with a state procedure to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in *Maupin v. Smith*. First, there must be a state procedure in place that the petitioner failed to follow. Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. Third, the state procedural rule must be an "adequate and independent state ground" to preclude habeas review. This inquiry "generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims." A state procedural rule is an adequate and independent ground when it does not rely on federal law. If these three factors are satisfied, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice."[20]

To establish "cause" for a procedural default, a habeas petitioner must show that "something *external* to the petitioner, something that cannot be fairly attributable to him[,]" precluded him from complying with the state procedural rule.[21] Establishing "prejudice" requires that any alleged constitutional error be shown to have worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."[22] A "fundamental miscarriage of justice" is understood to require proof of "actual innocence."[23]

---

[20] *Smith v. Ohio Dept. of Rehab. & Corrs.*, 463 F.3d 426, 430-31 (6th Cir. 2006) (internal citations omitted; emphasis in original).

[21] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original).

[22] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[23] *Lancaster v. Adams*, 324 F.3d 423, 436 (6th Cir. 2003).

**B.      Townsend's claims should be deemed procedurally defaulted.**

As noted, Townsend failed to file a timely notice of appeal with the Ohio Supreme Court after the appellate court denied his motion for delayed direct appeal. When he later attempted to file a delayed appeal in the Ohio Supreme Court, that court denied his motion.

The Sixth Circuit in *Bonilla* has concluded that, under the rules of the Ohio Supreme Court, the denial of a motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar review of those claims by a federal habeas court.[24] Specifically, the Sixth Circuit found that "the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the[25] merits."

Townsend appears to assert "cause" for his default by claiming, in his habeas petition, that his otherwise timely notice of appeal was rendered untimely when it was "misdirected" by the post office.[26] However, it is well-settled, for purposes of determining procedural default, that the so-called "prison mailbox rule," which deems a matter filed when custody of the document is transferred to the prison mail system, does not apply and provide "cause" to excuse an untimely state post-conviction filing where that state's courts have specifically rejected such a "mailbox rule."[27] As *Vroman* plainly indicates, Ohio rejects the prison mail

---

[24] *Bonilla*, 370 F.3d at 497.

[25] *Id.*

[26] ECF # 1 at 3.

[27] *Vroman v. Brigano*, 346 F.3d 598, 603-04 (6th Cir. 2003).

box rule for its filings.[28] Thus, on the clear teaching of *Vroman*, Townsend may not here excuse his untimely filing of his notice of appeal with the Ohio Supreme Court by claiming that it was timely delivered to the post office.

## IV.  Conclusion

For the foregoing reasons, I recommend that Anthony Townsend's petition for a writ of habeas corpus be dismissed as time-barred.

Dated:   February 29, 2008             s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[29]

---

[28] *Id.*

[29] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).